**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

51382 GRATIOT AVENUE HOLDINGS,
LLC,

    Plaintiff/Counter-Defendant,

v.                                                                Case No. 2:11-cv-12047

CHESTERFIELD DEVELOPMENT
COMPANY, LLC and JOHN DAMICO,

    Defendants/Counter-Plaintiffs,

v.

MORGAN STANLEY CAPITAL, INC.,

    Third-Party Defendant.
                                                                                    /

**ORDER DENYING PLAINTIFF'S "MOTION FOR PROTECTIVE ORDER**
**(FED. R. CIV. P. 30(b)(6) DEPOSITION)"**

Before the court is Plaintiff/Counter-Defendant's ("Gratiot's") motion for a protective order barring Defendants' notice of a Rule 30(b)(6) deposition, filed on September 21, 2011.  On September 16, 2011, counsel for Defendants/Counter-Plaintiffs ("Chesterfield") noticed the deposition of Gratiot "through its designated representative(s)" on September 26, 2011.  (Pl.'s Mot. Protect. Order Ex. 1, at 2, Sept. 21, 2011.)  The notice directed Gratiot's counsel to "[p]lease designate one or more officers, directors, managing agents or other persons to testify regarding the factual allegations and other matters contained in Plaintiff's First Amended Complaint."  (*Id.*)  On September 19, 2011, Gratiot's counsel sent a letter to Chesterfield's counsel objecting to the deposition notice, asserting that it "does not describe the matters for

examination with sufficient particularity as required by Rule 30(b)(6)" of the Federal Rules of Civil Procedure. (*Id.* Ex. 2, at 1.) Chesterfield's counsel responded via letter on September 20, 2011, and limited the noticed deposition to testimony regarding specific paragraphs of the Amended Complaint. (*Id.* Ex. 3, at 2.)

Gratiot then filed the instant motion, requesting the issuance of a protective order barring Defendants' deposition notice. Gratiot argues that, even as limited, the deposition notice encompasses matters for examination that are too broad, "irrelevant[,] or have already been admitted or agreed upon." (*Id.* at 4.)   On September 21, 2011, the court held a telephonic hearing on the motion. For the reasons articulated on the record during the telephonic motion hearing, the court determines that the deposition notice, as limited to specific paragraphs of the Amended Complaint, "describe[s] with reasonable particularity the matters for examination" in accordance with Rule 30(b)(6). Therefore, the court concludes that "good cause" does not exist to issue a protective order. *See* Fed. R. Civ. P. 26(c)(1) (stating that district court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense"); *Conti v. Am. Axle & Mfg., Inc.*, 326 F. App'x 900, 903-04 (6th Cir. 2009) ("[T]he decision to issue a protective order is left to 'the broad discretion of the district court in managing the case.'" (quoting *Lewelling v. Farmers Ins. of Columbus, Inc.*, 879 F.2d 212, 218 (6th Cir. 1989))). Accordingly,

IT IS ORDERED that Plaintiff's "Motion for Protective Order (Fed. R. Civ. P.

30(b)(6) Deposition)" [Dkt. # 62] is DENIED.

                                                        s/Robert H. Cleland
                                                      ROBERT H. CLELAND
                                                      UNITED STATES DISTRICT JUDGE

Dated:  September 22, 2011


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 22, 2011, by electronic and/or ordinary mail.

                                                       s/Lisa Wagner
                                                      Case Manager and Deputy Clerk
                                                       (313) 234-5522