UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **51382 Gratiot Avenue Holdings, LLC**, a Maryland limited liability company, | Case No: 2:11-cv-12047 |
| Plaintiff/Counter Defendant, | Honorable Robert H. Cleland |
| vs. | Magistrate Judge Mark A. Randon |
| **Chesterfield Development Company L.L.C.**, a Michigan limited liability company, and **John Damico**, an individual, jointly and severally, | |
| Defendants/Counter-Plaintiff, | |
| **Morgan Stanley Capital, Inc.**, a New York corporation, | |
| Third-Party Defendant. | |

## **STIPULATION**

The parties, by and through their undersigned Counsel, stipulate to entry of the attached Protective Order.

We stipulate to entry of this Order:

| | |
|---|---|
| MILLER, CANFIELD, PADDOCK AND STONE, P.L.C. | JAFFE, RAITT, HEUER & WEISS, P.C. |
| By:   /s/ James L. Allen | By:   /s/ Peter M. Alter |
| James L. Allen | Peter M. Alter |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |
| Dated: September 21, 2011 | Dated: September 21, 2011 |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **51382 Gratiot Avenue Holdings, LLC**, a Maryland limited liability company,<br><br>    Plaintiff/Counter Defendant,<br><br>vs.<br><br>**Chesterfield Development Company L.L.C.**, a Michigan limited liability company, and **John Damico**, an individual, jointly and severally,<br><br>    Defendants/Counter-Plaintiff,<br><br>**Morgan Stanley Capital, Inc.**, a New York corporation,<br><br>    Third-Party Defendant. | Case No: 2:11-cv-12047<br><br>Honorable Robert H. Cleland<br><br>Magistrate Judge Mark A. Randon |

## **PROTECTIVE ORDER**

It is hereby stipulated and agreed by and between the respective parties hereto and their counsel, and ordered by the Court, that certain materials and information produced by Plaintiff in this matter for discovery and inspection are subject to the following terms, restrictions and conditions:

1.    In responding to written discovery, a party may designate as confidential any portion of its responses or documents produced that contain confidential commercial information involving non-parties to this action. If so designated, testimony and other information based upon documents so designated shall be considered confidential and subject to this protective order.

2.    In the event that any party to this agreement disagrees with the designation of any item as confidential and subject to this protective order, that party shall send a written notice to

opposing counsel specifying the item(s) in question. If an agreement cannot be reached concerning the confidentiality of the item(s), the designating parties shall within 7 days of being so notified file a motion with the Court seeking a determination that the item(s) is in fact "confidential". If such a motion is filed, any item(s) in dispute shall continue to be treated as confidential and subject to this protective order until such time as the Court rules that it is not.

3. Any documents or information subject to this protective order shall be disclosed only to counsel of record in this action, and to individuals employed by or assisting counsel in this action, including preparation for, or at the trial of, this action, such individuals also include expert and other potential witnesses.

4. Any documents or information subject to this protective order shall be used only for the purpose of prosecuting this action.

5. Any person or firm to whom such documents or information contained therein is to be disclosed shall first be advised by counsel making the disclosure that, pursuant to this protective order, such person or firm may not divulge any such information to any other person, except in accordance with this protective order.

6. In the event that any document or the information contained therein is included with, or the contents thereof are in any way disclosed, in any pleading, motion or other paper filed or submitted with the Court, such confidential document or information shall be kept confidential and/or under seal until further order of the Court. The parties commit to use all reasonable efforts to achieve the goal of confidentiality. Upon good cause shown, the Court may order that the use of any such document or of information contained therein and any testimony associated with the confidential information contained therein be undertaken *in camera*.

7.      The production of such documents or information by a party shall not constitute a waiver of any right of confidentiality that it/he may have.

8.      Upon request of counsel for a party made not less than 30 days before the termination of this action nor more than 90 days after the termination of this action, the other party's counsel shall if so requested return to the requesting counsel within 60 days of the request all copies of documents subject to this protective order that are furnished in this action, together with all originals and copies thereof furnished by a party (and, if available, any copies furnished to any expert witnesses), together with a letter that, to the best of the writer's knowledge, all documents and copies of such documents that were provided to such party have been returned to the opposing party.  In the event that a third party retains copies, of confidential information, in violation of this protective order, opposing counsel will provide to the requesting counsel the name and address of all such third parties.

ENTERED this 22nd day of September, 2011.

s/Robert H. Cleland  
United States District Judge

19,390,696.7\131315-00084  
09/21/11 4:21 PM