**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

51382 GRATIOT AVENUE HOLDINGS, LLC,

    Plaintiff/Counter-Defendant,

v.                                                             Case No. 2:11-cv-12047

CHESTERFIELD DEVELOPMENT
COMPANY, LLC and JOHN DAMICO,

    Defendants/Counter-Plaintiffs/
    Third-Party Plaintiffs,

v.

MORGAN STANLEY MORTGAGE CAPITAL
HOLDINGS, LLC,

    Third-Party Defendant.
                                                      /

**ORDER GRANTING "MOTION FOR JUDGMENT AND DISCHARGE OF RECEIVER"
AND DISCHARGING RECEIVER**

On January 5, 2012, Plaintiff filed a "Motion for Judgment and Discharge of Receiver" requesting that: (1) the court enter an order discharging the Receiver pursuant to the October 20, 2011 "Stipulation and Order Terminating Receivership (In Part)"; and (2) the court enter judgment in favor of Plaintiff and against Defendants in the amount of $11,963,724.99, based on the court's December 12, 2011 opinion and order granting Plaintiff's motions for summary judgment on the complaint and on Defendant's counterclaims.  At the court's direction, on January 30, 2012, the parties filed a stipulation agreeing to the accuracy of Plaintiff's calculation of the amount of the proposed judgment, though Defendants reiterated their objection—voiced to and

rejected by the court during argument of the summary judgment motions—to Plaintiff's statement of the amount due under the parties' loan agreement.  Also on January 30, 2012, Defendants filed a response to Plaintiff's motion, asserting that the court is authorized under the termination order to discharge the Receiver upon approval of the receiver's Final Report, but taking no further position on Plaintiff's request for entry of judgment.

The court will grant Plaintiff's motion to discharge the Receiver.  On October 20, 2011, the court entered the "Stipulation and Order Terminating Receivership (In Part)," which terminated the Receivership established by stipulated order on June 10, 2011, except for the limited purpose of receiving and administering funds paid pursuant to the court's October 5, 2011 order directing disgorgement of certain funds paid to Defendants' counsel.  (Stip. & Order Term. Receivership ¶¶ 1, 3, Oct. 20, 2011, Dkt. # 75.)  The termination order directed the Receiver to prepare a final accounting and gave the parties forty-two days from service of this "Final Report" to file objections.  (*Id.* ¶ 6.)  Thereafter, "[i]f the [c]ourt approves the Final Report, the Receiver shall be discharged and the bond cancelled." (*Id.*)  The Receiver served the Final Report on the court and all parties on November 9, 2011, and no objections have been filed. Therefore, the court will approve the Final Report, cancel the Receiver's bond, and discharge the Receiver.

The court will also grant Plaintiff's motion for entry of judgment.  At the time the court entered its opinion and order granting Plaintiff's motion for summary judgment, Defendants' claims against Third-Party Defendant Morgan Stanley Mortgage Capital Holdings, LLC, were still pending before the court, making the entry of a final judgment

2

inappropriate. See Fed. R. Civ. P. 54(b). Now, Defendants and Third-Party Defendant have submitted a stipulated order dismissing without prejudice Defendants' third-party complaint, which the court will enter. Given that the court has also ruled on Defendants' motion for reconsideration of the court's summary-judgment order, and there are no other pending claims or motions in this case, the court determines that entry of judgment in the amount reflected in the January 30, 2012 stipulation is appropriate. Accordingly,

IT IS ORDERED that the Plaintiff's "Motion for Judgment and Discharge of Receiver" [Dkt. # 95] is GRANTED.

IT IS FURTHER ORDERED that, in accordance with the "Stipulation and Order Terminating Receivership (In Part)" [Dkt. # 75], the Receiver's Final Report is approved, the Receiver's bond is cancelled, and the Receiver is discharged for all duties owed under the "Stipulation and Order Granting Motion to Appoint Receiver and Appointing C. Michelle Panovich as Receiver" [Dkt. # 28].

A separate judgment will be entered complying with Federal Rule of Civil Procedure 58.

                                          s/Robert H. Cleland
                                          ROBERT H. CLELAND
                                          UNITED STATES DISTRICT JUDGE

Dated: January 31, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 31, 2012, by electronic and/or ordinary mail.

                                          s/Lisa Wagner
                                          Case Manager and Deputy Clerk
                                          (313) 234-5522